UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN MARIE BURKE, | ) | Case No.: 1:03 CV 280 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| DOUGLAS EDWARD MELTON, *et al.,* | ) | |
| Defendants | ) | <u>ORDER</u> |

This suit arises out of actions that Plaintiff Carolyn Marie Burke ("Plaintiff") alleges that her ex-boyfriend, Defendant Douglas Edward Melton ("Melton"), took during multiple court proceedings after their break-up.[1] (*See* Order, ECF No. 90, at 2.) Plaintiff originally filed this case on April 10, 2002, in the Cuyahoga County Court of Common Pleas, and amended her complaint on January 22, 2003. (*See id.* at 5.) The City promptly removed the case to this court, where it has been pending since February 14, 2003. (ECF No. 1.) Plaintiff alleged claims of assault, battery, defamation, slander, intentional/negligent infliction of emotional distress, and conversion against Melton, the City of Cleveland ("City"), Cuyahoga County Department of Children and Family Services ("CFS"), and John Kandah, a supervisor at CFS. (Pl. Amend. Compl., ECF 8-2.)

On August 27, 2003, the court granted CFS's motion to dismiss on the basis of Ohio's immunity statute for political subdivisions. (Order, ECF No. 37.) After two consecutive counsel

---

[1] A more thorough description of the facts and procedural history of this case may be found in the court's August 1, 2006 Order (ECF No. 90).

for Plaintiff moved to withdraw (ECF Nos. 48, 73), Plaintiff's sister, Cheryl Swyers ("Swyers"), informed the court that Plaintiff had a serious medical condition that prevented her from participating in this litigation in any meaningful way, and filed a letter from Dr. Jeffrey T. Chapman, who confirmed Burke's medical condition. (ECF No. 76.) After granting Plaintiff and her counsel substantial time to attempt to reconcile their differences (Order, ECF No. 77), the court permitted Plaintiff's second counsel to withdraw (Order, ECF No. 80).

The court granted Plaintiff two extensions of time to obtain new counsel. (*See* ECF Nos. 82, 83.) On January 31, 2006, when no attorney had made an appearance on behalf of Plaintiff, the court reinstated the pending sanctions and summary judgment motions. (Order, ECF No. 84.) On March 2, 2006, Swyers responded on Plaintiff's behalf, seeking to stay the proceedings until July 1, 2006, because there were two lawyers who were willing to take Plaintiff's case once she was taken off "mind-altering medication." (ECF No. 85.) The court set a telephonic conference for March 29, 2006, and ordered Sywers to submit a medical certification before the conference. (Order, ECF No. 86.) Swyers ultimately submitted an additional medical certification on April 4, 2006. (*See* 4/4/06 Fax from Dr. Chapman, ECF No. 92.) After that date, Plaintiff filed no status update, additional medical certification, notice of counsel appearance, brief in opposition to summary judgment, or any other document with the court. (*See* Order, ECF No. 90.)

On August 1, 2006, the court granted summary judgment to the City on Plaintiff's claims against it. (*Id.*) By the same Order, the court granted partial summary judgment for Melton, leaving the assault, battery, and conversion counts pending.[2] (*Id.*) The court also granted in part Melton's

---

[2] The court notes that its August 1, 2006 Order erroneously held that only Counts I (assault) and II (battery) remained. (*See id.* at 21.) The court should have included Count VII (conversion) among the pending claims, as made clear by Melton's motion

motion for sanctions regarding certain discovery requests and forbade Plaintiff from further *ex parte* communications. (*Id.*) Finally, the court denied Kandah's motion to dismiss for failure to prosecute under 41(b) of the Federal Rules of Civil Procedure, finding that Plaintiff's conduct up to that point did not rise to a level justifying dismissal. (*Id.*)

Since then, Plaintiff has failed to attend a status conference on August 16, 2006, and the final pretrial conference on September 15, 2006, despite having been given notice of both conferences. (*See* ECF Nos. 93, 96.) Further, the court sought, but was unable, to reach Plaintiff by telephone during each of these conferences. (*See id.*)

On September 18, 2006, the court issued an Order to Plaintiff "to show cause in writing with the court by September 26, 2006, as to why this case should not be dismissed for failure to prosecute." (Order, ECF No. 96.) Plaintiff has failed to respond to the Order to Show Cause or to attempt to offer any explanation for her neglect. As the court has granted Plaintiff multiple extensions, multiple accommodations, and specific warnings, the court now dismisses this case with prejudice for failure to prosecute.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 17, 2006

---

to dismiss, which states, "Count One (Assault), Count Two (Battery), and Count Seven (Conversion) should go to trial because there are genuine issues of material fact that preclude the entry of summary judgment as to these claims." (ECF No. 70, at 22.) As no defendant moved for summary judgment on conversion, so this claim survived the court's partial grant of summary judgment.

-3-